```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARLENE D. PATRELLA,

                     Plaintiff,
                                            MEMORANDUM & ORDER
          -against-                         18-CV-3722(JS)(AKT)

COUNTY OF SUFFOLK, EMPLOYEES OF
COUNTY OF SUFFOLK, JOHN DOE 1 and 2,
and JANE DOE 1 and 2,

                     Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Joseph C. Stroble, Esq.
                    40 Main Street
                    P.O. Box 596
                    Sayville, New York 11782

For Defendants
County of Suffolk:  Arlene S. Zwilling, Esq.
                    Suffolk County Attorney
                    H. Lee Dennison Building
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, New York 11788

Employees of County
of Suffolk, John
Doe 1 and 2, and
Jane Doe 1 and 2:   No appearance.
```

SEYBERT, District Judge:

On June 27, 2018, plaintiff Marlene D. Patrella ("Plaintiff") commenced this action against defendant County of Suffolk ("the County"), Employees of County of Suffolk and four John and Jane Does (collectively, "County Employees,"[1] and together

---

[1] The County Employees have not been identified and have not otherwise appeared in this action.

with the County, "Defendants") pursuant 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., and New York State Public Officers Law § 87(2)(g), alleging that the County has a policy of failing to consider or seriously pursue Plaintiff's reports of suspected criminal activity due to her perceived and actual disabilities. (See generally Am. Compl., D.E. 29.) Specifically, Plaintiff alleges that the County engaged in discriminatory conduct by refusing to provide her with an unredacted copy of a report that described Plaintiff as having "possible psych issues." (See generally Am. Compl. and at 2.) Before the Court is the County's motion pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) to dismiss Plaintiff's Amended Complaint for failure to state a claim and as barred by the applicable statutes of limitations ("Motion"). (Mot., D.E. 31; see generally Cty. Br., D.E. 31-1.) For the reasons set forth below, the County's Motion is GRANTED.

FACTUAL BACKGROUND[2]

Plaintiff alleges that she underwent chemotherapy for cancer, and as a result, she is disabled with impaired verbal expression abilities. (Am. Compl. ¶ 8.) On October 25, 2006, Plaintiff lodged a complaint with the Suffolk County Police

---

[2] The following facts are taken from the Amended Complaint and are assumed to be true for purposes of this Memorandum and Order.

Department ("SCPD") that the pastor of the Blue Point Bible Church was "using the offerings made by patrons, as well as reverse mortgages, to not only improve the church, but also for his own personal gain." (Am. Compl., Redacted Field Report, Ex. A, D.E. 29-1; Am. Compl., Unredacted Field Report, Ex. B, D.E. 29-2.) A SCPD officer memorialized Plaintiff's complaint in a field report wherein the officer marked the complaint as "unfounded" and described Plaintiff as having "possible psych issues" (the "Field Report"). (See Unredacted Field Report.)

Plaintiff first requested a copy of the Field Report on October 13, 2011 and received a letter acknowledging her request that stated she should receive a response "within 30-90 days."[3] (Am. Compl. ¶ 10.) On June 20, 2012, Plaintiff was examined at a 50-h hearing[4] and thereafter, on June 29, 2012, Plaintiff received a redacted copy of the Field Report that excluded the phrase "with possible psych issues." (Am. Compl. ¶ 10.) The Amended Complaint does not explain the context or relevance of the 50-h hearing.

---

[3] Plaintiff does not allege the entity, agency, or person from whom she first requested the Field Report.

[4] A "50-h hearing" is an examination provided for under New York General Municipal Law § 50-h. See N.Y. Gen. Mun. Law § 50-h(1) ("Wherever a notice of claim is filed against a . . . county . . . the . . . county . . . shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made, which examination shall be upon oral questions unless the parties otherwise stipulate. . . .").

3

Plaintiff attempted to obtain an unredacted copy of the Field Report for "five years" but was "blocked." (See Am. Compl. ¶¶ 9, 13(b); see also Am. Compl. ¶¶ 8, 13(a)-(c).) On May 6, 2014, Plaintiff spoke to a SCPD Internal Affairs Senior Officer and requested information regarding the redaction but was informed that "derogatory language is not redacted." (Am. Compl. ¶ 13(a).) On or around September 5, 2017, Plaintiff received an unredacted copy of the Field Report after her acquaintance, Maria Catania, requested and received a copy of the unredacted Field Report. (Am. Compl. ¶¶ 7, 13(c).)

Prior to the commencement of this action, Plaintiff was a party to a "related action against the [SCPD]," (Am. Compl. ¶ 7) based on the theory that the SCPD "had a history of discriminatory treatment against her, because they knew that [ ] [P]laintiff was disabled and her verbal facilities were impaired" and therefore did not take Plaintiff's complaints of criminal activity seriously (Am. Compl. ¶ 10). Plaintiff does not provide any information with respect to the "related action" however Plaintiff references this action as the "2012 STATE ACTION." (Am. Compl. ¶¶ 7, 12(a) and (b), at ECF p. 6.)[5] According to Plaintiff, the SCPD provided her with a redacted copy of the Field Report "because the [SCPD]

---

[5] The Amended Complaint is incorrectly numbered and includes paragraph 12 twice. The Court will identify which paragraph 12 it cites where appropriate.

4

contemplated that if [Plaintiff] was in possession of the full report, [she] would attempt to use it as evidence in a lawsuit to show that the [SCPD] had prior knowledge of her disability." (Am. Compl. ¶¶ 9-10.) From what the Court can tell, Plaintiff sought to "renew and reargue dismissal of the 2012 State Court action based on new evidence," which the Court interprets as the unredacted Field Report. (Am. Compl. ¶ 12(a), at ECF p. 6.)

Procedural History

Plaintiff initiated this action on June 27, 2018 (Compl., D.E. 1.) and filed an Amended Complaint on January 6, 2019. (See Am. Compl.) Although not entirely clear, the Court construes the Amended Complaint as asserting the following causes of action based on the County's alleged disability-based discriminatory conduct: (1) a violation of Plaintiff's Fourteenth Amendment Procedural Due Process rights pursuant to 42 U.S.C. § 1983 (Am. Compl. ¶ 15); (2) a violation of Plaintiff's Fourteenth Amendment Equal Protection rights pursuant to 42 U.S.C. § 1983 under the "class of one" theory of liability (Am. Compl. ¶¶ 15, 18, 25-26, 31); (3) a violation of the ADA (Am. Compl. ¶¶ 15-16, 18, 23-25); and (4) a municipal liability claim against the County based upon its alleged failure to train (Am. Compl. ¶ 32.)

DISCUSSION

I.  Legal Standard

To withstand a motion to dismiss, a complaint must contain factual allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).  This plausibility standard is not a "probability requirement" and requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks and citation omitted).  "To survive a motion to dismiss under Twombly, it is not enough to make allegations of an antitrust conspiracy that are consistent with an unlawful agreement; to be viable, a complaint must contain enough factual matter (taken as true) to suggest that an agreement to engage in anticompetitive conduct was made." In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (internal quotation marks and citation omitted).

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint," Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998), but this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which

6

the complaint heavily relies, and anything of which judicial notice may be taken.[6] See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-52 (2d Cir. 2002); Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II. Statute of Limitations

The County argues that Plaintiff's federal claims are time-barred and must be dismissed. (Cty. Br. at 9-10.) Plaintiff does not respond or otherwise argue in opposition to the County's statute of limitations argument. Nonetheless, the Court agrees with the County.

In this Circuit, claims brought under the ADA and Section 1983 are governed by New York's three-year statute of limitations

---

[6] In support of her opposition, Plaintiff provided the Court with transcripts of taped conversations with various individuals, including SCPD employees. (Pl. Br., D.E. 32, at 3-4.) These transcripts were not attached to the Complaint and as such cannot be properly considered by the Court in deciding the Motion. See Paul v. Baily, No. 09-CV-5784, 2013 WL 2896990, at *5 (S.D.N.Y. June 13, 2013) ("[A]s a general rule, . . . courts should not consider factual allegations made for the first time in opposition papers."); Friedman v. MiraMed Revenue Grp., LLC, No. 12-CV-5328, 2012 WL 5992163, at *3 (S.D.N.Y. Nov. 19, 2012) ("[T]he [c]ourt declines to consider the additional facts set forth in plaintiff's opposition papers that are not in his complaint."); Kalin v. Xanboo, Inc., 526 F. Supp. 2d 392, 398-99 (S.D.N.Y. 2007) (holding that a court's analysis under Rule 12(b)(6) "is limited to information contained within the four corners of the complaint" and that "[w]hen material outside the pleadings is presented in response to a motion to dismiss, the court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment" (internal quotation marks and citations omitted)).

7

for personal injury actions. Stropkay v. Garden City Union Free Sch. Dist., 593 F. App'x 37, 41 (2d Cir. 2014) (noting plaintiffs' claims under the "ADA . . . and § 1983 . . . have three year statutes of limitations in these circumstances.") (citing N.Y. C.P.L.R. § 214(5) and collecting cases); Ortega v. Arnold, No. 13-CV-9155, 2016 WL 1117585, at *3 (S.D.N.Y. Mar. 21, 2016) (collecting cases). Under these "statutory regimes, claims accrue 'when [a plaintiff] knew or had reason to know of the injury serving as the basis for his claim.'" Stropkay, 593 F. App'x at 41 (quoting Harris v. City of N.Y., 186 F.3d 243, 247 (2d Cir. 1999)); see also Fahs Const. Grp., Inc. v. Gray, 725 F.3d 289, 292 (2d Cir. 2013) (citing Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002)); Ortega, 2016 WL 1117585, at *3 ("As for when claims under these statutes accrue, federal law governs th[at] question.") (internal quotation marks and citation omitted; alteration in original). With respect to determining "the timing of accrual in the context of discrimination claims, the Supreme Court has instructed that 'the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful.'" Ortega, 2016 WL 1117585, at *3 (quoting Morse v. Univ. of Vt., 973 F.2d 122, 125 (2d Cir. 1992)) (emphasis in original).

Here, the alleged discriminatory acts giving rise to Plaintiff's claims--the failure to provide Plaintiff with an

unredacted copy of the Field Report--took place between October 13, 2011 and 2014. (Am. Compl. ¶¶ 10, 13(a)-(c).) The Amended Complaint does not allege any facts that Plaintiff sought and was denied, or otherwise made any effort to obtain, the unredacted Field Report after 2014. Accordingly, "any ADA, . . . and § 1983 claims arising from these events accrued, at the latest," in 2017. Ortega, 2016 WL 1117585, at *4. Plaintiff initiated this action on December 18, 2018, more than three years after any alleged discriminatory conduct occurred. Thus, Plaintiff's claims are clearly barred by the applicable statutes of limitations. Ortega, 2016 WL 1117585, at *4.

Moreover, to the extent Plaintiff argues that the statute of limitations was somehow tolled to September 5, 2017--the date Ms. Catania received the unredacted Field Report--that argument necessarily fails. See Am. Compl. ¶ 13(c) ("Discovery of the improperly redacted [F]ield [R]eport could only be made after it was given to Ms. Maria Catania, . . . [t]hat was the time that the statute of limitations accrued." (emphasis added). Plaintiff knew "or had reason to know of the injury serving as the basis for" her claim between 2012 and 2014. Stropkay, 593 F. App'x at 41 (internal quotation marks and citation omitted). Indeed, the Amended Complaint alleges that Plaintiff was a party to another action against the SCPD premised "on the notion that the [SCPD] had a history of discriminatory treatment against her, because

9

they knew that [ ] [Plaintiff] was disabled." (Am. Compl. ¶ 9.) Plaintiff alleges the SCPD provided her with a redacted copy of the Field Report "because the [SCPD] contemplated that if [Plaintiff] was in possession of the full report, [Plaintiff] would attempt to use it as evidence in a lawsuit to show that the [SCPD] had prior knowledge of her disability." (Am. Compl. ¶ 9.) Thus, Plaintiff was aware of the circumstances that "gave rise to [her] claims as early as" 2012, when, as alleged, she was provided with the redacted Field Report and at the latest, in 2014, when Plaintiff was told "derogatory language is not redacted." Banushi v. City of N.Y., No. 05-CV-1805, 2006 WL 2811898, at *4 (E.D.N.Y. Sept. 28, 2006); Am. Compl. ¶¶ 13(a)-(c); see also May 6, 2014 Tr., Am. Compl., Ex. F, D.E. 29-6, at ECF p. 2:9-13 (Plaintiff stating "I think I've been discriminated against because on a police report it's redacted and I'm pretty sure it's a derogatory remark about me because I'm disabled.").

Plaintiff does not argue or present "any facts to suggest that the doctrine of equitable tolling should be applied here to extend the limitations period for Plaintiff's claims." Ortega, 2016 WL 1117585, at *4 (citing Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008) (explaining that equitable tolling is only warranted where a plaintiff establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" (citation omitted))). In any event, the doctrine

10

of equitable tolling is inapplicable for the same reasons articulated above, mainly that between 2012 and 2014, Plaintiff had reason to believe that the SCPD improperly withheld the unredacted Field Report, because, for example, she initiated the 2012 State court action based on the SCPD's "history of discriminatory treatment against her." (Am. Compl. ¶¶ 9-11, 12(a)-(b) at ECF p. 6, 13(a)-(c).)  Thus, the fact that Plaintiff did not obtain the unredacted Field Report prior to September 5, 2017 "did not [ ] deprive Plaintiff[ ] of information needed to file a law suit" within the applicable time frame.  Harrison v. Harlem Hosp., No. 05-CV-8271, 2007 WL 2822231, at *3 (S.D.N.Y. Sept. 28, 2007), aff'd, 364 F. App'x 686 (2d Cir. 2010); MacFarlane v. Ewald, No. 10-CV-2877, 2016 WL 4076585, at *4 (E.D.N.Y. Aug. 1, 2016).[7]

Therefore, Plaintiff's claims are time-barred and must be dismissed.

---

[7] To the extent it can be inferred that Plaintiff argues the continuing violation doctrine extends the limitations period, the Court finds its application unwarranted because Plaintiff's claims are based on discrete acts, rather than a continuing violation. Gregory v. Inc. Vill. of Ctr. Island, No. 14-CV-2889, 2015 WL 5093623, at *5 (E.D.N.Y. Aug. 28, 2015) ("[T]he continuing violation doctrine does not apply to a claim (or series of claims) arising from discrete actions, even if those actions have long-lasting effects.") (internal citations omitted); Albritton v. Morris, No. 13-CV-3708, 2016 WL 1267799, at *11 (S.D.N.Y. Mar. 30, 2016); MacFarlane, 2016 WL 4076585, at *3.  Even if the doctrine were applicable, there is no basis to delay the limitations period because "the only differential treatment alleged in the complaint took place outside the limitations period."  Fahs, 753 F.3d at 292.

III. Plaintiff's Fourteenth Amendment Due Process Claim

Although all of Plaintiff's claims are time-barred, Plaintiff puts forth conflicting arguments as to whether she asserts a Due Process claim. As such, the Court finds it prudent to briefly address this issue.

Defendant argues that Plaintiff's Due Process claim must be dismissed because (1) Plaintiff has no constitutionally protected property or liberty interest and (2) Plaintiff failed to exhaust post-deprivation remedies. (Cty. Br. at 4-5.) Plaintiff responds that "arguments and authority cited in relation to state claims, notices of claim requirements, Article 78 proceeding requirements" are irrelevant because she has "not ple[ ]d nor seeks redress for a FOIL violation related to a FOIL response in the ordinary course of business." (Pl. Br., at 1, 5-6.) However, Plaintiff alleged that she "had and has a liberty interest and/or property interest" in a "FOIL REQUEST RESPONSE." (Am. Compl. ¶ 15.) Plaintiff further argues that "police personnel . . . did not follow the [SCPD] policies and procedures applicable to" (1) complaints from disabled persons and (2) "processing and providing FOIL requests." (Pl. Br. at 1-2.)

This claim, to the extent it is alleged, must fail. First, Plaintiff does not have a protected property interest in the requested FOIL documents. See Simpson v. Town of Southampton, No. 06-CV-6743, 2007 WL 1755749, at *4 (E.D.N.Y. June 15, 2007)

(collecting cases) (internal quotation marks and citations omitted) (noting that an "overwhelming majority of courts in this Circuit" find that "a plaintiff has no property interest in obtaining FOIL documents."); Jenn-Ching Luo v. Baldwin Union Free Sch. Dist., No. 12-CV-6054, 2013 WL 4719090, at *4, n.6 (E.D.N.Y. Sept. 3, 2013) (citing Papay v. Haselhuhn, No. 07-CV-3858, 2010 WL 4140430, at *7 (S.D.N.Y. Oct. 21, 2010) (finding that the plaintiff did not have a protected property interest in requested FOIL documents because "access to [those] documents constitutes a mere expectation of Plaintiff, not an entitlement that would establish a property interest under the Due Process Clause")).

Assuming arguendo that Plaintiff had a protected property interest in FOIL documents, Plaintiff's claim fails as a matter of law because Plaintiff did not pursue "an Article 78 proceeding in New York State court to remedy an improper denial of plaintiff's FOIL requests."[8] Simpson, 2007 WL 1755749, at *5 (collecting cases); Blount v. Brown, No. 10-CV-1548, 2010 WL 1945858, at *2 (E.D.N.Y. May 11, 2010) (collecting cases); Lawrence v. Antonucci, No. 04-CV-356, 2005 WL 643457, at *4 (W.D.N.Y. Mar. 16, 2005) ("[The plaintiff] never sought to commence an Article 78 proceeding to challenge [d]efendants' refusal to honor

---

[8] Plaintiff fails to allege that she appealed the denial of her FOIL requests for the unredacted Field Report and the Amended Complaint lacks any allegation that she sought to initiate an Article 78 proceeding relating to her FOIL requests.

13

his FOIL letter. Plaintiff thus willfully failed to take advantage of the due process afforded to him under New York law, and he cannot now complain that he has been denied such process."). Therefore, to the extent it is alleged, Plaintiff's Due Process claim must be dismissed with prejudice.

IV. ADA Claims against Individual County Employees

The Court also finds it prudent to also briefly address Plaintiff's ADA-based claims against individual County Employees. Insofar as Plaintiff is suing "individual defendants in their individual capacities, Title II of the ADA . . . [does not] provide[ ] for individual capacity suits against state officials." Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (collecting cases) (citations omitted). Thus, Plaintiff's ADA claim against individual County Employees must also be dismissed with prejudice.

V. State Law Claims

The County points out that the "[C]omplaint includes what appears to be a state law cause of action." (Cty. Br. at 10.) Plaintiff responds that she "has not plead nor intended to plead any state court claims in this action." (Pl. Br. at 1.) Thus, this portion of the County's Motion is moot.

VI. Leave to Amend

Although Plaintiff has not requested leave to replead, the Second Circuit has stated that "[w]hen a motion to dismiss is

granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice, or futility. See Milanese v. Rust-Oleum Corp., 244 F .3d 104, 110 (2d Cir. 2001).

Here, Plaintiff's claims against Defendants are untimely. "Better pleading would not cure this defect in these claims, and leave to amend is therefore denied." Bastien v. Samuels, No. 14-CV-1561, 2014 WL 5306016, at *5 (E.D.N.Y. Oct. 15, 2014) (citing Cuoco v. Moritsugu, 222 F.3d 9, 112 (2d Cir. 2000) (holding that leave to amend should be denied where "better pleading will not cure" the defects in a plaintiff's complaint); Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); Bridgeforth v. U.S. Navy Recruitment Off., No. 11-CV-0431, 2011 WL 5881778, at *2 (N.D.N.Y. Nov. 23, 2011) ("Amendment would be futile here because Plaintiffs claims arise from events, which he was aware of, that occurred more than three years before he commenced this Section 1983 action. Thus, his claims are time barred, and amendment would be futile because repleading would not cure the timeliness deficiency." (internal

15

citation omitted)); Vargas v. Ciarletta, No. 09-CV-8981, 2010 WL 4447636, at *1 (S.D.N.Y. Nov. 4, 2010) ("[I]f the claims the plaintiff seeks to add would be barred by the applicable statute of limitations, amendment would be futile and leave to amend should be denied.")).

CONCLUSION

For the reasons stated above, the County's Motion (D.E. 31) is GRANTED in its entirety and Plaintiff's Amended Complaint is DISMISSED with prejudice.

The Clerk of the Court is directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  3 , 2019
       Central Islip, New York